GARY R. BASHAM (SBN 130119)
NATHAN T. JACKSON (SBN 285620)
BASHAM LAW GROUP
8801 Folsom Blvd., Suite 177
Sacramento California 95826
Telephone: (916) 993-4840
Facsimile: (916) 266-7478
Email: gary@bashamlawgroup.com
nathan@bashamlawgroup.com

Attorneys for Plaintiff
JAMES PISANO

JAMES T. JONES (SBN 167967)
NICHOLAS D. POPER (SBN 293900)
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: jonesj@jacksonlewis.com
nicholas.poper@jacksonlewis.com

Attorneys for Defendant
RESTAURANT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PISANO, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RESTAURANT TECHNOLOGIES, INC.,<br>a Delaware Corporation ; and DOES 1−50 inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:16-cv-00859-MCE-CKD<br><br>**STIPULATION AND ORDER TO<br>CONTINUE DISCOVERY DEADLINE** |

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiff JAMES PISANO ("Plaintiff") and Defendant RESTAURANT TECHNOLOGIES, INC. ("Defendant") (collectively the "Parties"), by and through their respective counsel of record, that the deadline to complete all discovery, with the exception of expert discovery, be continued from July 28, 2017 to September 11, 2017. All other pretrial deadlines will be governed by the Initial Pretrial Scheduling Order issued on April 25, 2016, and the Order to Modify Initial Pretrial Scheduling

1

Order issued on February 27, 2017. Pursuant to Local Rule 144, the Parties confirm that one extension to the discovery cut-off deadline has been previously obtained for a period of 147 days.

The proposed continuance of the discovery cut-off deadline is proper under Federal Rule of Civil Procedure 16(b)(4), which allows the Court to modify a scheduling order upon a showing of good cause. Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 607-608. Good cause exists for the continuance of the discovery cut-off deadline.

Plaintiff filed a complaint in state court on March 3, 2016, alleging fourteen causes of action for wage and hour violations, wrongful termination, disability discrimination, and retaliation. Defendant removed the action to this Court on April 25, 2016. On or about June 24, 2016, the Parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f). Since then, the Parties have served their initial disclosures, as well as engaged in written discovery and numerous informal meet and confer discussions in a continued effort to address and resolve any outstanding discovery issues and disputes without court intervention. On February 27, 2017, the Parties sought and obtained an Order to Modify Initial Pretrial Scheduling Order due to the need for additional time to complete written discovery and depositions.

After the Court's February 27, 2017 Order was issued, the Parties began discussing the possibility of mediating this case and agreed to defer depositions until mediation was completed. The Parties attended mediation in good faith on May 31, 2017. Although no resolution was reached at the recent mediation, the Parties believe that progress was made, and they wish to continue negotiations to reach a resolution. The Parties have since agreed to continue their efforts to reach a resolution. Due to the discovery still outstanding, including nine depositions for Defendant's current and former employees (seven deponents are out of state, three deponents are former employees) as well as Plaintiff's deposition, the Parties believe it would be beneficial to postpone discovery and continue settlement discussions before incurring the significant costs associated with the depositions, which will be quite costly in this case. Additionally, due to scheduling conflicts and the time needed to complete numerous out of state depositions, the Parties do not anticipate completing discovery prior to the discovery cut-off deadline.

///

No party will be prejudiced by a continuance of the discovery cut-off deadline. Moreover, no other pre-trial deadlines will be affected by a continuance of the discovery cut-off deadline.

Accordingly, the Parties believe the reasons set forth above establish good cause for the Court to grant this request. Specifically, the Parties stipulate and request that the Court issue an Order to continue the discovery cut-off deadline as follows:

A. All discovery, with the exception of expert discovery, shall be completed no later than **September 11, 2017**.

B. Except as stated herein, the Initial Pretrial Scheduling Order issued on April 25, 2016, and Order to Modify Initial Pretrial Scheduling Order issued on February 27, 2017, will continue to govern this case.

Dated: June 22, 2017  BASHAM LAW GROUP

By: */s/ Gary R. Basham [as authorized on 06.22.17]*
GARY R. BASHAM
NATHAN T. JACKSON

Attorneys for Plaintiff
JAMES PISANO

Dated: June 22, 2017  JACKSON LEWIS P.C.

By: */s/ Nicholas D. Poper*
JAMES T. JONES
NICHOLAS D. POPER

Attorneys for Defendant
RESTAURANT TECHNOLOGIES, INC.

# ORDER

Pursuant to the above Stipulation of the Parties, and good cause appearing, the discovery cut-off deadline is continued as follows:

    A. All discovery, with the exception of expert discovery, shall be completed no later than **September 11, 2017**.

    B. Except as stated herein, the Initial Pretrial Scheduling Order issued on April 25, 2016, and Order to Modify Initial Pretrial Scheduling Order issued on February 27, 2017, will continue to govern this case.

**IT IS SO ORDERED.**

Date: June 26, 2017

                                              MORRISON C. ENGLAND, JR
                                              UNITED STATES DISTRICT JUDGE

4

Stipulation and Order to Continue Discovery Deadline        *James Pisano v. Restaurant Technologies, Inc.*
Case No. 2:16-CV-00859-MCE-CKD